IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS HICKS,                                )
                                             )
                    Plaintiff,               )    2:24-CV-1489
        vs.                                  )
                                             )    Hon. J. Nicholas Ranjan
PAT FABIAN, *Commissioner*                   )
*Superintendent, Armstrong Prison*           )    Magistrate Judge Kezia O.L. Taylor
*Board*; JESSICA HICKS, *Warden,*            )
*Armstrong County Jail*; JANE DOE,           )
*Nurse, Armstrong County Jail*; JOHN         )
DOE, *Correctional Officer, Armstrong*       )
*County Jail*,                               )
                                             )
                    Defendants.              )

## MEMORANDUM ORDER

On October 24, 2024, *pro se* Plaintiff Thomas Hicks requested leave to proceed *in forma pauperis* in the present action (ECF 1) and filed his original complaint (ECF 1-1). Mr. Hicks alleged that Defendants violated his Fourteenth Amendment rights through deliberate indifference to his medical needs after he contracted COVID-19. ECF 1-1 at ¶ 10. The matter was referred to Judge Kezia O.L. Taylor for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is Judge Taylor's Report & Recommendation (ECF 31) regarding Defendants' motion to dismiss Mr. Hicks's complaint. Performing the screening function required by the Prison Litigation Reform Act (PLRA), Judge Taylor recommended that the Court dismiss the case with prejudice because Mr. Hicks's claims are barred by the applicable statute of limitations. ECF 31 at 5–10; *see* 28 U.S.C. § 1915(e)(2)(B) (requiring federal courts to screen complaints filed by prisoners proceeding *in forma pauperis* and dismiss if "the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). The Court agrees and will dismiss Mr. Hicks's claims.

- 1 -

Following the R&R, Mr. Hicks timely filed a "notice to appeal / motion to continue / objections to the court" (ECF 32).  Because Mr. Hicks proceeds *pro se*, the Court construes his filings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  And because, in his February 13, 2026, filing, Mr. Hicks expressed a clear intention to "continue the case" unless Defendants settle, the Court considers Mr. Hicks to have objected to the controlling recommendations of Judge Taylor's R&R.  So, the Court must "review findings of fact for clear error and [] review matters of law *de novo*." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quotations omitted).

Under this standard, Mr. Hicks's claims are time-barred and must be dismissed pursuant to the PLRA.  ECF 31 at 7–9.  Federal courts apply the state law statute of limitations for personal injury torts to Section 1983 claims.  *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003).  In Pennsylvania, the limitations period is two years.  42 Pa. C.S. § 5524(2).  So, as noted above, because Mr. Hicks filed his original complaint on October 24, 2024, the Court must dismiss if the underlying events occurred before October 24, 2022.

And that is the case, despite Mr. Hicks alleging in the operative complaint (ECF 9) that all events at issue occurred in 2023.  ECF 9 at ¶¶ B–C.  While typically a court may only dismiss under Rule 12(b)(6) "when the time alleged *in the statement of a claim* shows that the cause of action has not been brought within the statute of limitations[,]" *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975) (emphasis added), the circumstances here are excepted from that general rule because Mr. Hicks's "claims in the complaint are 'based' on [] extrinsic document[s,]" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).  Specifically, in the operative complaint, Mr. Hicks "'explicitly relied upon'" jail records then held only by Defendants.  *Id.* (quoting *Burlington Coat Factory*, 114 F.3d at 1426); ECF 9 at ¶ D

- 2 -

("I would like the dates of the test (covid 19) and the sick call slip copies to make dates correct and have a better timeline.").

Mr. Hicks initially alleged that he was sick with COVID-19 during or after October 2023. ECF 1-1 at ¶¶ 4–9; ECF 4 at ¶¶ 4–9; ECF 9 at ¶¶ C–D. Two procedural corrections later, *see* ECF 2 (failing to pay the filing fee); ECF 5 (failing to comply with Federal Rule of Civil Procedure 8), Mr. Hicks filed the operative amended complaint, which requested records of the events at issue so he could clarify his timeline. ECF 9. In response, Defendants provided the requested documentation as attachments to their motion to dismiss brief (ECF 19): Mr. Hicks's sick call request slip (ECF 19-1); the jail's incident report describing Mr. Hicks's sick call visit and positive COVID-19 test (ECF 19-2); and Mr. Hicks's medication record for September 2022 (ECF 19-3). These records showed that Mr. Hicks requested to be placed on the sick call list on September 13, 2022, met with an Armstrong County Jail nurse on September 16, 2022, and received Ibuprofen from September 1 through September 30, 2022, among other medications. Then, in Mr. Hicks's subsequent response to Defendants' motion (styled as an amended complaint), he updated his timeline based on these records. ECF 25 at ¶¶ 3–7. Under penalty of perjury, Mr. Hicks alleged that he "was sick on dates 9-7-22 to 9-26-22[,]" and "was on Ibuprofen" from "9-1-22 to 9-30-22" and other medications during dates matching his medication record (ECF 19-3). ECF 25 at ¶¶ 3a, 8 (including signature and declaration that "all is true and correct under pena[l]ties of perjury. 9-25-25").

Mr. Hicks's operative complaint only alleges events giving rise to his claims that occurred when he was sick with COVID-19 and receiving allegedly inadequate treatment. ECF 9. Incorporating the jail records explicitly relied upon in that complaint, the Court finds that all relevant events occurred before October 24, 2022. The Court therefore holds that all Mr. Hicks's claims are barred by their two-year statute of limitations. And because amendment would be futile, the Court must

dismiss Mr. Hicks's claims with prejudice. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment . . . when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *see* Fed. R. Civ. P. 15(a)(2).

AND NOW, this 9th day of July, 2026, it is **ORDERED** that the case is **DISMISSED WITH PREJUDICE.** Defendants' motion to dismiss (ECF 18) is **GRANTED**, and the Report & Recommendation (ECF 31) is **ADOPTED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:
Thomas Hicks
QP2267
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000